## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

ATAIN SPECIALTY INSURANCE
COMPANY,

       Plaintiff,

v.

E.H. FORTITUDE, INC., EDWARD
HEATH SHELTON, AND THE
FRESH AIR HOME INC. d/b/a THE
FROEBEL CIRCLE

       Defendants.

Civil Action File No.:  CV423-324

## PLAINTIFF ATAIN SPECIALTY INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Atain Specialty Insurance Company ("Atain"), files its Complaint

for declaratory judgment against E.H. Fortitude, Inc., Edward Heath Shelton, and

The Fresh Air Home Inc. d/b/a The Froebel Circle (collectively, the "Defendants"),

stating as follows:

## NATURE OF THE ACTION

1.     This is an insurance coverage action in which Atain seeks a

declaratory judgment, under 28 U.S.C. § 2201, regarding its duty to defend and/or

indemnify E.H. Fortitude, Inc. and Edward Heath Shelton (together, the "Insured

Parties"), or any other defendants, in a lawsuit filed by The Fresh Air Home, Inc. ("FAH"). The lawsuit is styled as *The Fresh Air Home, Inc. d/b/a The Froebel Circle, v. 9th St Lane, LLC.; E.H. Fortitude, Inc.; Heath Shelton; and Michael Kirven.*, Case No. STCV22-00631 in the State Court of Chatham County State of Georgia (the "Underlying Lawsuit").

2.      Atain is a Michigan corporation with its principal place of business in Farmington Hills, Michigan. Atain is a citizen of Michigan.

3.      E.H. Fortitude, Inc. is a Georgia corporation with its principle office located at 113 Johnson Street, Savannah, Ga 31405. E.H. Fortitude may be served through its registered agent, Edward Heath Shelton, at 113 Johnston Street, Savannah, Ga 31405. E.H. Fortitude is a citizen of Georgia.

4.      The Fresh Air Home, Inc. d/b/a The Froebel Circle is a Georgia corporation with its principle office located at 28 Amberwood Cir., Savannah, Ga 31405. The Fresh Air Home Inc. may be served through its registered agent, Deirdre Colter, at 28 Amberwood Circle, Savannah, GA, 31405. The Fresh Air Home is a citizen of Georgia.

5.      Edward Heath Shelton ("Shelton") is a resident and citizen of Chatham County, Georgia. He can be served at 113 Johnson Street, Savannah, GA 31405.[1]

---

[1] Edward Health Shelton is identified as "Health Shelton" in the Underlying Lawsuit.

6.     The Court has personal jurisdiction over each of the Defendants by virtue of sufficient contacts with the forum.

7.     Complete diversity of citizenship exists between Atain and the Defendants because Atain is a Michigan citizen and the Defendants are citizens of Georgia.  The amount in controversy exceeds $75,000, exclusive of interest in costs.

8.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9.     Venue is proper because a substantial part of the events giving rise to the allegations in the Underlying Lawsuit occurred in this district and, in the alternative, at least one defendant is subject to the Court's personal jurisdiction in this district, pursuant to 28 U.S.C. § 1391.

10.     To ensure complete relief, Atain named Fresh Air Homes Inc., the Plaintiff in the Underlying Lawsuit, in addition to the Insured Parties.

11.     This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to Atain's obligations for the Underlying Lawsuit to the Insured Party, or any of the other potential defendants, under policies of insurance issued to the Insured Parties.  Atain is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the insurance policy, including its duty to defend and/or indemnify the Insured Parties

in the Underlying Lawsuit.  An actual and justiciable dispute over those duties, rights, and obligations exists between the parties.

## THE UNDERLYING LAWSUIT

12.    On April 13, 2022, FAH filed a lawsuit (again, the "Underlying Lawsuit") against 9th St Lane, LLC, E.H. Fortitude, Inc., Shelton, and Michael Kirven (together, "Defendants"). An amended complaint was filed on December 20, 2022. A true and accurate copy of the amended complaint, which is the operative pleading, is attached hereto as Exhibit "A".

13.    The Underlying Lawsuit alleges that on August 27, 2019, #8 & #10th Place, LLC transferred to Michael Kirven all tracts of land known as Lots 13 & 14 Sub of Beach Lot 56, Ward 3, Tybee Island, Chatham County, Georgia. (Ex A, ¶ 14).

14.    The Underlying Lawsuit alleges that also on August 27, 2019, Lots 13 and 14 Sub of Beach Lot 56, Ward 3 were transferred from Michael Kirven to 9th St Lane, LLC via a quitclaim deed. (Ex A, ¶ 15).

15.    The Underlying Lawsuit alleges that FAH, holds legal title to real property located at 900 Butler Avenue, directly adjacent to the property owned by 9th Street Lane, LLC. (Ex A, ¶¶ 13, 19).

16.    The Underlying Lawsuit alleges that FAH and 9th St Lane share a property line with 120 ft of trees and vegetation separating the properties. (Ex A, ¶

19).

17.     The Underlying Lawsuit alleges that the 120 ft shared property line of trees and vegetation provided FAH privacy, safety and security for children and staff, shade and protection from natural elements, and provided bird and wildlife habitation. (Ex A, ¶ 20).

18.     The Underlying Lawsuit alleges that 9th St Lane via its principal Michael Kirven entered into a joint venture with E.H. Fortitude and Shelton for construction on Lots 13 & 14. (Ex A, ¶ 21).

19.     The Underlying Lawsuit alleges that at all relevant times, E.H. Fortitude and 9th St Lane knew that the vegetation was on FAH's property. (Ex A, ¶ 23).

20.     The Underlying Lawsuit alleges that "on or around February 2020," E.H. Fortitude and its agents, including Shelton, were responsible for the removal of 120 ft of trees and vegetation on Fresh Air Homes Inc.'s property without authority or permission. (Ex A, ¶ 24).

21.     The Underlying Lawsuit alleges that 9th St Lane and E.H. Fortitude interfered with FAH's possession, ownership and enjoyment of its property. (Ex A, Count One).

22.     The Underlying Lawsuit alleges that Defendants trespassed upon FAH's property by entering the Property and removing trees and vegetation without

permission. (Ex A, Count Two).

23.    The Underlying Lawsuit alleges that Defendants were engaged in a joint venture relationship and are thus liable for the negligence of one another. . (Ex A, Count Three).

24.    In the Underlying Lawsuit, FAH also seeks punitive damages and attorneys fees from all defendants. (Ex. A)

## ATAIN'S RESERVATION OF RIGHTS

25.    On May 2, 2022, following receipt of the Underlying Lawsuit, Atain issued a reservation of rights letter to E.H. Fortitude and Shelton, with respect to the Underlying Lawsuit, advising that coverage may be denied based on multiple Policy provisions.  This letter also advised E.H. Fortitude and Shelton that Atain would participate in their defense in the Underlying Lawsuit pursuant to a complete Reservation of Rights.  A true and correct copy of the May 2, 2022 Reservation of Rights letter is attached hereto as Exhibit "B".

26.    The Reservations of Rights letter expressly reserved the right to bring a declaratory judgment action to determine Atain's coverage obligations, and the right to seek reimbursement for the payment of defense fees incurred to defend the Underlying Lawsuit.

27.    On April 17, 2023, Atain's issued a supplemental reservation of rights letter to E.H. Fortitude and Shelton, with respect to the Underlying Lawsuit.

This supplemental letter again advised that coverage may be denied based on multiple policy provisions. Atain further advised E.H. Fortitude and Shelton that Atain would continue to participate in their defense in the Underlying Lawsuit pursuant to Atain's Reservation of Rights.  A true and correct copy of the April 17, 2023 Reservation of Rights letter is attached hereto as Exhibit "C".

28.    The Supplemental Reservations of Rights letter again expressly reserved the right to bring a declaratory judgment action to determine Atain's coverage obligations, and the right to seek reimbursement for the payment of defense fees incurred to defend the Underlying Lawsuit.

## **THE POLICIES**

29.    Atain issued commercial general liability policy numbers CIP382194, and CIP400516 to E.H. Fortitude Inc. for the policy periods March 1, 2019 to March 1, 2020 and March 1, 2020 to March 1, 2021, (the "Policies").[2] True and correct copies of the Policies are attached hereto as Exhibit "D" and "E."

30.    The Commercial General Liability Coverage Form of the Policies states, in pertinent part, as follows:

---

[2] Atain also issued policies to E.H. Fortitude for the policy periods March 1, 2017 to March 1, 2018 (CIP315423), March 1, 2018 to March 1, 2019 (CIP347385), March 1 2021 to March 1, 2022 (CIP424636), and March 1, 2022 to March 1, 2023 (BWPF0072034). However, based on the allegations in the Underlying Lawsuit, Atain is only attaching the potentially applicable and/or at issue Policies.

**SECTION I – COVERAGES**

**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

  a. We will pay those sums that [E.H. Fortitude] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend [E.H. Fortitude] against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

Exs. D and E, Policies at CG 00 01 04 13, p. 1 of 16.

31. The Policies' coverage for bodily injury or property damage is triggered by an "occurrence" during the policy period. The Policy reads:

**SECTION I – COVERAGES**

**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

* * *

  b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

8

> > (2)    The "bodily injury" or "property damage" occurs during the policy period;

Exs. D and E, Policies at CG 00 01 04 13, p. 1 of 16.

32.    The Policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Exs. D and E, Policies at CG 00 01 04 13, p. 15 of 16.

33.    The Policies define "property damage" as follows:

> **17.**    "Property damage" means:
>
> > **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> >
> > **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it…

Exs. D and E, Policies at CG 00 01 04 13, p. 15 of 16.

34.    The Policies contain an exclusion for expected or intended property damage. The Policies provide:

> **2.    Exclusions**
>
> This insurance does not apply to:
>
> **a.    Expected Or Intended Injury**
>
> > "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

Exs. D and E, Policies at CG 00 01 04 13, p. 2 of 16.

9

35.     The policies exclude coverage for property damage resulting from the operations of the insured, or contractors or subcontractors of the insured. The Policy provides:

> **j.     Damage To Property**
>
> "Property damage" to:
>
> (1)     Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
>
>                  \*\*\*
>
> (5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations;

Exs. D and E, Policies at CG 00 01 04 13, p. 5 of 16.

36.     The Policies also contain an exclusion of punitive or exemplary damages, which states:

> The following exclusion is added to the Exclusion section of each of the above Coverage Forms:
>
> **PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION**
>
> This insurance does not apply to punitive or exemplary damages, fines or penalties. If a covered suit is brought against the Insured, seeking both compensatory and punitive or exemplary damages,

fines, or penalties, then we will afford defense to such action, without liability, for such punitive or exemplary damages, fines or penalties.

AF98001 07/ 2012.

37.    Finally, the Policies contain an Anti-Stacking and Non-Duplication Provision. This provision provides:

### XI.    ANTI-STACKING AND NONDUPLICATION OF LIMITS OF INSURANCE

If any Coverage Form, Coverage Part, or policy issued to you by us or any company affiliated with us apply to the same claim for expenses or damages, the maximum Limit of Insurance for Liability Coverage under all of the Coverage Forms, Coverage Parts or policies shall not exceed the highest applicable Limit of Insurance available under any one Coverage Form, Coverage Part, or policy.

This endorsement does not apply to any Coverage Form, Coverage Part of policy issued by us or an affiliated company specifically to apply as excess insurance of this policy.

Exhibit C, Policies. AF 001 007 06/2017, p. 9 of 10.

### COUNT I – DECLARATORY RELIEF
### (NO DUTY TO DEFEND )

38.    Atain repeats and realleges paragraphs 1-37 as if fully set forth herein.

39.    The Underlying Lawsuit alleges that FAH's property was damaged by the removal of trees from their property.

40.    The Underlying Lawsuit further alleges that the removal of the trees was the intentional result of the construction activities of a joint venture between E.H. Fortitude, 9th St Lane, LLC, Shelton, and Michael Kirven.

11

41.     The removal of trees in the course of construction is not an "occurrence" under the Policies.

42.     FAH seeks to recover for interference with enjoyment of property which they allege occurred as a result of the wrongful removal of tress from their property by E.H. Fortitude.

43.     Therefore, FAH's claims against E.H. Fortitude:

> (a)     Do not allege "property damage" caused by an "occurrence" and consequently do not fall within the Policies' insuring agreement;

> (b)     Are barred by the Policies' exclusions for Expected or Intended Injury, Damage to Property, and Punitive Damages.

44.     Accordingly, Atain seeks a declaration that there is no coverage under the Policies for the claims alleged in the Underlying Lawsuit and, therefore, that Atain has no duty to defend, and therefore no duty to indemnify, E.H. Fortitude or Shelton for any claims arising out of, or related to, the Incident and Underlying Lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Atain prays for:

1.     The Court to declare that there is no coverage available under the Policy for E.H Fortitude, and that judgment be entered in favor of Atain and against all of

the Defendants that Atain owes no duty to defend E.H Fortitude, Shelton, or any other party, in the Underlying Lawsuit or against any claims or suits that may have been or may be brought arising out of or related to the Incident, or the facts alleged in the Underlying Lawsuit;

2.    The Court to order that Atain may withdraw the defense being provided to E.H Fortitude and Shelton in the Underlying Lawsuit;

3.    The Court to order that Atain is entitled to recover all defense costs incurred to date to defend E.H. Fortitude and Shelton in the Underlying Lawsuit; and

4.    The Court to award Atain its costs of suit and such other relief as the Court deems just and proper.

This 8th day of November 2023.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 2350
Atlanta, Georgia 30309
Telephone:  470-552-1150
Fax:  470-552-1151
rzelonka@wshblaw.com
lnurse@wshblaw.com

*/s/ Richard E. Zelonka, Jr.*
Richard E. Zelonka, Jr., Esq.
Georgia Bar No.: 142152

*Counsel for Atain Specialty Insurance Company*