# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

```
ATAIN SPECIALTY INSURANCE
COMPANY,

     Plaintiff,
                                        4:23-CV-324
     v.

E.H. FORTITUDE INC., EDWARD
HEATH SHELTON, and FRESH
AIR HOMES INC. d/b/a THE
FROEBEL CIRCLE,

     Defendants.
```

### ORDER

Before the Court is a motion for partial reconsideration and clarification filed by Plaintiff Atain Specialty Insurance Company. Dkt. No. 38. The motion has been fully briefed and is ripe for review. Dkt. Nos. 38, 39, 40. For the reasons stated below, the motion for reconsideration is **DENIED**, and the motion for clarification is **GRANTED**.

### BACKGROUND

The underlying facts of this lawsuit were set forth in the Court's December 6, 2024 Order ("the Order"), dkt. no. 37, and need not be restated in full here. Simply put, Plaintiff, an insurance company, brought this action to ask the Court to issue a declaratory judgment, under 28 U.S.C. § 2201, regarding its duty

to defend or indemnify E.H. Fortitude and Edward Shelton ("Defendants") in an underlying state lawsuit. Dkt. No. 29 ¶ 1. The underlying lawsuit seeks to hold Defendants liable for allegedly cutting down all of the trees on Fresh Air Homes, Inc. ("FAH")'s 120-feet shared property line. Id. at 14–20. The state lawsuit is ongoing. Dkt. No. 34-2 at 5.

Plaintiff filed a motion for summary judgment. Dkt. No. 32. After careful consideration of the parties' briefing, the Court granted the motion in part and stayed these proceedings pending the resolution of the underlying suit. Dkt. No. 37.

In the motion for reconsideration, Plaintiff asks this Court to reconsider the portion of the Order reserving a ruling on Plaintiff's duty to indemnify and issue a new order stating that Plaintiff has no duty to indemnify Defendants in the underlying lawsuit. Dkt. No. 38 at 5. Plaintiff also requests that this Court clarify the Order to state that Plaintiff may withdraw its defense in the underlying lawsuit and recoup its defense costs. Id. at 6.

**LEGAL AUTHORITY**

"The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration." Moon v. Cincinnati Ins. Co., 975 F. Supp. 2d 1326, 1328 (N.D. Ga. 2013), aff'd, 592 F. App'x 757 (11th Cir. 2014). "Nevertheless, such motions are common in practice." Id. Courts often employ the standard for a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e)

when asked to reconsider a summary judgment order as Plaintiff so requested here. See Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (Where "the relief sought was the setting aside of the grant of summary judgment [or] denial of the defendant's motion for summary judgment," the motion may be "properly characterized as a Rule 59(e) motion to alter or amend the judgment.").

"Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (citations omitted). "A movant must 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993)). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" Id. at 1380 (quoting United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003), then quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)).

"Reconsideration is vested in the district court's sound discretion, and the grant of a motion to reconsider is an

3

'extraordinary remedy to be employed sparingly.'" Diamond Crystal Brands, Inc. v. Wallace, 563 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (quoting Richards, 67 F. Supp. 2d at 1322) (citing Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehabilitative Servs., 225 F.3d 1208, 1216 (11th Cir. 2000); Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were previously available, but not pressed." Id. (internal quotation marks omitted) (quoting Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998)).

Meanwhile, "the burdens associated with a motion for reconsideration under Rule 59 or 60 are not applicable" to motions for clarification. Kuber v. Berkshire Life Ins. Co. of Am., No. 19-80211-CV, 2020 WL 650782, at *1 (S.D. Fla. Jan. 27, 2020). Nevertheless, a motion asking the Court to reverse its previous Order is a motion for reconsideration "regardless of how the party filing the motion characterizes it." State Auto Prop. & Cas. Ins. Co. v. Jacobs, 791 F. App'x 28, 33 (11th Cir. 2019); see also, e.g., Cook v. Gains, No. 1:21-cv-161, 2022 WL 736110, at *1 (S.D.

Ga. Mar. 10, 2022) (The plaintiff "is simply asking the Court to reconsider its previous findings, so the Court construes this motion as a motion for reconsideration."); Bafford v. Twp. Apartments Assocs., No. 8:06-CV-657, 2008 WL 11441883, at *3 (M.D. Fla. Jan. 7, 2008) (The court construed the plaintiff's motion for clarification as a motion to reconsider where the plaintiff, "under the guise of a motion for clarification, sought reconsideration of the summary judgment order." (internal quotation marks and citation omitted)); McCay v. Drummond Co., Inc., No. 2:08-CV-1978, 2012 WL 13089021, at *2 (N.D. Ala. Apr. 6, 2012) ("[T]o the extent Plaintiff seeks a 'new decision' or reconsideration of the court's previous Memorandum Opinion and Order, the court construes that request as a Rule 59(e) motion to alter or amend." (citation omitted)).

## DISCUSSION

### I.  Motion for Reconsideration

Plaintiff moves for reconsideration based on clear error. Dkt. No. 38 at 5. Specifically, Plaintiff argues that it was erroneous to rule on the duty to defend without ruling on the duty to indemnify. Id. Plaintiff does not assert that there has been an intervening change in controlling law or that it discovered new evidence. See generally id.

First, "motions for reconsideration may not be used to present the court with arguments already heard and dismissed or to

5

repackage familiar arguments to test whether the court will change its mind." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) ("Parties may not use a motion for reconsideration as an opportunity to show the court how it 'could have done it better.'" (quoting Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)). The Court finds that Plaintiff's motion repackages the same arguments about why Plaintiff does not owe a duty to indemnify. See Dkt. No. 38 at 5 (Plaintiff acknowledges that its brief in support of the motion for summary judgment referenced the principle upon which it now relies). It is well-settled that "Rule 59(e) 'is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision.'" Gold Cross EMS, Inc., 108 F. Supp. 3d at 1380 (quoting Wendy's Int'l v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996)).

Second, the Court holds it was not clear error to reserve ruling on the duty to indemnify. The Georgia Supreme Court holds that "the duty to defend and the duty to pay are independent obligations." Colonial Oil Indus. v. Underwriters Subscribing to Policy Nos. To31504670 & To31504671, 491 S.E.2d 337, 339 (Ga. 1997); Penn-Am. Ins. Co. v. Disabled Am. Veterans, 490 S.E.2d 374, 376 (Ga. 1997) ("[A]n insurer's duty to pay and its duty to defend are separate and independent obligations." (citation omitted)); see also, e.g., Cont'l Cas. Co. v. Winder Lab'ys, LLC, 73 F.4th

6

934, 948 (11th Cir. 2023) ("Under Georgia law, the duty to defend and the duty to indemnify are separate and independent obligations." (quoting Nationwide Mut. Fire Ins. Co. v. Somers, 591 S.E.2d 430, 433 (Ga. Ct. App. 2003)) (internal quotation marks omitted) (alterations adopted)). Indeed, the Georgia Supreme Court has not held that courts must rule on the duty to defend and the duty to indemnify simultaneously. Georgia courts are clear: "the issue of whether [the insurer] will ultimately be liable to indemnify the [insured] is a separate issue from the duty to defend." Fireman's Fund Ins. Co. v. Univ. of Ga. Athletic Ass'n, Inc., 654 S.E.2d 207, 214–15 (Ga. Ct. App. 2007).

"The duty to defend is broad and determined solely by comparing the insurance policy to the complaint against the insured." Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n, Inc., 637 F. Supp. 3d 1342, 1359 (S.D. Ga. 2022) (citation omitted). "In contrast, the duty to indemnify is determined by the underlying facts adduced at trial or developed through discovery during the litigation." Id. (internal quotation marks and citations omitted); City of Atlanta v. St. Paul Fire & Marine Ins., 498 S.E.2d 782, 785 (Ga. Ct. App. 1998) ("In determining whether a party is entitled to summary judgment on the issue of indemnification, the courts are not limited to looking at the complaint and the policy." (citation omitted)).

"Thus, numerous courts have held that an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." Tabby Place Homeowners Ass'n, Inc., 637 F. Supp. 3d at 1359 (internal quotation marks omitted) (alterations adopted) (citing Auto-Owners Ins. Co. v. Deerlake Homeowners Ass'n, Inc., No. 2:11-CV-215, 2012 WL 1038748, at *3 (N.D. Ga. Mar. 27, 2012); Progressive Mountain Ins. Co. v. R.W. Womack & Sons, Inc., No. 1:11-cv-159, 2012 WL 12929724, at *2 (S.D. Ga. May 14, 2012)); see also Auto-Owners Ins. Co. v. Devore, No. 1:21-cv-075, 2021 WL 5856145, at *1 (S.D. Ga. Dec. 8, 2021); Nat'l Tr. Ins. Co. v. Taylor & Sons, Inc., No. 3:19-cv-067, 2021 WL 2346109, at *5 (S.D. Ga. June 8, 2021); Essex Ins. Co. v. Sega Ventures, LLC, No. 4:13-cv-253, 2015 WL 1505979, at *4 (S.D. Ga. Mar. 31, 2015) ("The Court can discern no reason to depart from the wise course of action embraced by the other district courts. Here, the underlying suit is ongoing and any liability has yet to be established. Should the defendants in the underlying suit prevail, any decision by this Court on Plaintiff's duty to indemnify would necessarily be moot and a waste of judicial resources."); Auto-Owners Ins. Co. v. Minor, No. 1:10-CV-3019, 2013 WL 12241447, at *2 (N.D. Ga. Feb. 21, 2013); Grange Mut. Cas. Co. v. Dasher, No. 6:12-cv-63, 2013 WL

85244, at *6 (S.D. Ga. Jan. 7, 2013).[1] Consequently, it cannot be clear error to follow the well-reasoned opinions of several district courts in this Circuit to hold that the duty to indemnify has not yet come due. See, e.g., Gold Cross EMS, Inc., 108 F. Supp. 3d at 1380 (To prevail on a motion for reconsideration, the party must show "clear and obvious error where the interests of justice demand correction." (internal quotation marks and citation omitted)).

As the Court previously held, the Court declines to decide the question of "liability for indemnification when the contingencies giving rise to [it] may never occur." Great N. Paper Co. v. Babcock & Wilcox Co., 46 F.R.D. 67, 70 (N.D. Ga. 1968). "To do so would amount to an advisory opinion, which this court cannot give." Id. (citing Muskrat v. United States, 219 U.S. 346, 356 (1910)). "Here, any number of eventualities could change the analysis of whether plaintiff owes a duty to indemnify under the policies." Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc., 651 F. Supp. 2d 1367, 1373 (N.D. Ga. 2009). Chief of which is that

---

[1] Plaintiff argues these cases are distinguishable because this rule applies only to cases in which "whether the insurer had a duty to indemnify was dependent upon whether the insured would ultimately be found liable in the underlying liability action." Dkt. No. 38 at 4. That is not the case. Minor, 2013 WL 12241447, at *1 (rejecting the argument that "where, as here, it is concluded that there is no duty to defend, there can never be a duty to indemnify" and declining to declare that the insurer did not have a duty to indemnify after holding there was no duty to defend).

9

E.H. Fortitude and Mr. Shelton could be found not liable in the underlying suit. See Great N. Paper Co., 46 F.R.D. at 70 ("It is possible that in the action on [the underlying] suit [the insured] will be found not liable."); see also Minor, 2013 WL 12241447, at *2 ("Facts that have not been expressly pleaded could be revealed in the adjudication of the matter, thereby triggering a plaintiff's indemnity liability under a policy at issue."); Essex Ins. Co., 2015 WL 1505979, at *3 ("The duty to indemnify is triggered only when the insured is determined to be liable for damages within the policy's coverage." (internal quotation marks and citation omitted)).

As the Court explained in its Order, the law of this Circuit is that the insurer's declaratory judgment action presents a justiciable case or controversy, see Standard Accident Insurance Co. v. Meadows, 125 F.2d 422, 424 (5th Cir. 1942),[2] but the Court may nevertheless reserve ruling on a duty that it is not yet triggered. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."); accord Home-Owners Ins. Co. v. TL Williams &

---

[2] Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981).

10

Assocs., Inc., No. 1:21-CV-1811, 2021 WL 7543621, at *3 (N.D. Ga. Nov. 17, 2021) ("The duty to indemnify issue, however, will be stayed, rather than dismissed."); Int'l Ins. Co. of Hannover, S.E. v. Morrowood Townhouses, LLC, No. 1:15-CV-02455, 2015 WL 11455589, at *5 (N.D. Ga. Nov. 4, 2015) (same); cf. Progressive Mountain Ins. Co. v. Madd Transp., LLC, No. 4:13-cv-254, 2015 WL 1419486, at *2 n.4 (S.D. Ga. Mar. 27, 2015), aff'd, 633 F. App'x 744 (11th Cir. 2015) (framing the issue as of discretion, practicality, and judicial economy).[3] Having found no clear error in the Order, the Court **DENIES** Plaintiff's motion for reconsideration.

---

[3] Plaintiff cites to Travelers Indemnity Co. of Connecticut v. Peachstate Auto Insurance Agency, Inc., 357 F. Supp. 3d 1259, 1264 (N.D. Ga. 2019) (citing National Casualty Co. v. Pickens, 582 F. App'x 839, 841 (11th Cir. 2014) (non-binding memorandum opinion)). These two cases stand for the proposition that the absence of the duty to defend is dispositive of the duty to indemnify. Plaintiff also relies on Capitol Specialty Insurance Corporation v. PTAV, Inc., for this proposition but it stands for the opposite. 331 F. Supp. 3d 1329, 1338 (N.D. Ga. 2018) (holding "the issue of liability has not yet been decided, [and, thus, the] indemnification provision is not ripe for adjudication."). Though the Court's prior ruling may later guide the analysis regarding the duty to indemnify once it is triggered, it does not itself trigger the duty to indemnify. See Allstate Ins. Co. v. Employers Liab. Assurance Corp., 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief [as to the duty to indemnify] will lie to establish an insurer's liability until a judgment has been rendered against the insured."). Further, the Court notes it is not clear error to not follow Peachstate and Pickens because other persuasive opinions are in sharp disagreement, see, e.g., Minor, 2013 WL 12241447, at *2, and a legal error is not clear or obvious if it is "subject to reasonable dispute," Puckett v. United States, 556 U.S. 129, 134 (2009).

## II. Motion for Clarification

Plaintiff seeks clarification on two points: (1) whether the Order allows Plaintiff to withdraw its defense and (2) whether the Order allows Plaintiff to recoup its defense costs.

### A. Ability to Withdraw Defense

Where the complaint alleges facts that unambiguously do not fall within policy liability coverage provisions, as the Court has so held, the insurer may withdraw its defense of the action against the insured. See Auto-Owners Ins. Co. v. State Farm Fire & Cas. Co., 678 S.E.2d 196, 199 (Ga. Ct. App. 2009). But, where the initial complaint fails to allege facts within the policy coverage, if it later becomes apparent from the litigation that claims not originally within the scope of the pleadings are being made which are within the insurance coverage, the insurer, upon notification, may become obligated to defend. See Great Am. Ins. Co. v. McKemie, 259 S.E.2d 39, 41 (Ga. 1979) ("If [the insured] felt that facts later revealed in [discovery] brought the case within the coverage of the policy, [the insured] was under a duty to send this information to [the insurer] and again call upon it to defend."); Colonial Oil, 491 S.E.2d at 339 (The Georgia Supreme Court does not "allow the allegations of a third-party" to be the sole determination of "the insured's rights under its contract.").

Here, the Court has held that there is no ongoing duty to defend at present. Dkt. No. 37. Plaintiff gave timely notice of

12

its complete reservation of rights. Dkt. No. 29 at 22-37. Defendants have not attempted to show prejudice to estop Plaintiff from withdrawing its defense. See generally Dkt. Nos. 34, 39, 40; see also World Harvest Church, Inc. v. GuideOne Mut. Ins. Co., 695 S.E.2d 6, 11 (Ga. 2010) (When there is a valid reservation of rights, "an insured seeking to bar an insurer from raising a defense of noncoverage after participating in the insured's defense must show prejudice."). Thus, the Court clarifies that its holding on the duty to defend allows Plaintiff to withdraw its defense in the underlying lawsuit.

### B. Recoupment of Defense Costs

"In Georgia, it remains an open question whether and under what circumstances an insurer can recoup its defense[] costs when it is determined that the insurer has no duty to defend." Am. Family Ins. Co. v. Almassud, 522 F. Supp. 3d 1263, 1268 (N.D. Ga. 2021); Cont'l Cas. Co. v. Winder Lab'ys, LLC, 535 F. Supp. 3d 1321, 1326 (N.D. Ga. 2021), aff'd, 73 F.4th 934 (11th Cir. 2023) ("No Georgia appellate court appears to have ruled on the question of whether and under what circumstances an insurer can recoup its defense costs when it is determined that the insurer has no duty to defend."). In Winder Laboratories, the Eleventh Circuit predicted that the Supreme Court of Georgia would "adopt a 'no recoupment' rule to protect its insurance system." 73 F.4th at

949.[4] The "no recoupment" rule provides that, once it is determined that there is no duty to defend, an insurer must establish that the right to recoupment comes from the parties' operative insurance contract, not simply the unilateral reservation of rights letter. Id. at 949–50.

Here, the plain language of the insurance contract specifically excludes "attorneys' fees and attorneys' expenses" from the payments covered by Plaintiff in "any claim [Plaintiff] investigate[s] or settle[s], or any 'suit' against an insured [Plaintiff] defend[s]." Dkt. No. 29 at 98. Once Plaintiff undertook the defense of the underlying lawsuit subject to the reservation of rights, Plaintiff invoked this provision and "reserve[d] its rights available to it under the Policies and applicable law, including but not limited to the right to investigate, deny coverage in part or whole, seek a judicial determination in a declaratory judgment action, and seek reimbursement of any *non-covered attorneys' fees and costs*." Id. at 37 (emphasis added). Defendants do not argue that this provision could be read any other way or that this provision is otherwise unenforceable. See generally Dkt. Nos. 34, 39, 40. Accordingly, the Court holds that

---

[4] "Without any state court guidance, [the Eleventh Circuit] attempt[s] to predict state law without creating or modifying it." Winder Lab'ys, LLC, 73 F.4th at 948 (internal quotation marks and citation omitted) (alterations adopted).

14

Plaintiff is entitled to judgment as a matter of law on the right to recoupment.

Therefore, Plaintiff may, but is not required to, withdraw its defense and seek to recoup defense costs. Upon notification that the underlying lawsuit has concluded, the Court will issue its ruling on the duty to indemnify.

## CONCLUSION

For these reasons, Plaintiff's motion for reconsideration is **DENIED**, and Plaintiff's motion for clarification is **GRANTED**. Dkt. No. 38. The Court's December 6, 2024 Order, dkt. no. 37, remains the Order of the Court.

**SO ORDERED** this 29th day of May, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

15